# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TIFFANY EVELYN COOK,**

      **Plaintiff,**

v.                                         **Case No: 6:20-cv-1197-RBD-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Tiffany Evelyn Cook (Claimant) appeals to the District Court the final decision of the Commissioner of Social Security (the Commissioner). Doc. 19. Claimant argues that the Administrative Law Judge (ALJ) applied incorrect legal standards to a physician's opinion and made findings not supported by substantial evidence. *Id*. at 7, 24.

For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

    **I.**    **The ALJ's Decision**

On March 28, 2017, Claimant filed an application for Supplemental Security Income payments alleging an onset date of October 1, 2016. Doc. 19 at 1. The application was denied initially and upon reconsideration. *Id*. Upon Claimant's request, the ALJ conducted a hearing. *Id*. On July 3, 2019, the ALJ issued an unfavorable decision. *Id*. The ALJ found that Claimant has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbosacral spine; scoliosis; major depression disorder; generalized anxiety disorder; panic disorders; and attention deficient disorder (ADHD). R. 12. The ALJ found that Claimant does not

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). R. 13. The ALJ determined that Claimant as a residual functional capacity (RFC) to perform light work with the following exceptions:

> [C]laimant can occasionally climb ramps, stairs, ladders, ropes or scaffolds. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl. She can have occasional exposure to vibration, extreme heat and hazards, such as unprotected heights and moving machinery. The claimant can perform simple, routine and repetitive tasks and make work-related decisions. The claimant can have frequent interaction with coworkers and supervisors. She can have occasional interaction with the public.

R. 15.

Ultimately, the ALJ concluded that "[t]he Claimant has not been under a disability, as defined in the Social Security Act, since March 28, 2017, the date the application was filed (20 CFR 416.920(g))." R. 20.

On June 18, 2020, the Appeals Council denied Claimant's request for review. R. 1. On July 6, 2020, Claimant initiated this action requesting that the Court reverse and set aside the Commissioner's decision denying her request for Supplemental Security Income payments. Doc. 1.

## II.     Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   Discussion

Claimant raises one issue in support of the request for relief. Claimant contends that the ALJ applied incorrect legal standards with respect to Dr. Birkmire's opinion. Doc. 19 at 7. The Commissioner argues that the ALJ properly considered Dr. Birkmire's opinion and found that it was not persuasive. Doc. 19 at 11.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The consideration of

medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed her claim after March 27, 2017.[1] So, the revised regulations (i.e., 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c) apply in this action. Those regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). As to each medical source, the ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

---

[1] Claimant filed her claim on March 28, 2017. Doc. 19 at 1; R. 72-73.

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).[3]

Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is *supported* by the source's own records and *consistent* with the other evidence of record—familiar concepts within the framework of social security litigation.

Here, Claimant states that on April 17, 2019, Dr. Birkmire completed a psychiatric review technique form and noted a diagnosis of major depression and generalized anxiety disorder and her symptoms included sadness, crying, not eating, inability to do normal activities, poor hygiene,

---

[3] The ALJ may—but is not required to—explain how the ALJ considered the remaining three factors (i.e., relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2007) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)(same)). The latter three factors are not at issue in this action.

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

and ADLs.  Doc. 19 at 8, citing R. 724, 725.  According to the form, Dr. Birkmire opined that Claimant had depressive disorder with a depressed mood, diminished interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, decreased energy, feelings of guilt or worthlessness, difficulty concentrating or thinking, and thoughts of suicide or death.  R. 727.  Dr. Birkmire also opined that Claimant had anxiety disorder characterized by restlessness, easily fatigued, difficulty concentrating, and sleep disturbance.  R. 729.  Dr. Birkmire found that Claimant had a marked limitation in the areas of understanding, remembering, or applying information; concentrating, persistence, or maintaining pace; and adapting or managing oneself.  R. 736.

> In evaluating the RFC, the ALJ found the following with respect to Dr. Birkmire's opinion:
>
> The undersigned assessed the "marked" limitations found by treating specialist, Dr. Rex Birkmire (Ex. 14F/13).  The undersigned finds this opinion not persuasive because clinical notes show that her condition only required conservative mental health treatment and the mental examinations were largely normal.  (Ex. 11F/3-15).

R. 18.

Despite the ALJ's finding regarding the conservative mental health treatment, Claimant argues that she "continued to report complaints of symptoms related to her depression and anxiety despite her medications."  Doc. 19 at 9, citing R. 350, 382, 632, 638.  Claimant contends that the ALJ failed to explain what other treatment modalities would be expected for the limitations opined by Dr. Birkmire, and Claimant then complains that the ALJ cited to only one medical exhibit in support of his finding that her mental examinations were largely normal.  Doc. 19 at 9, 10.  She argues that the ALJ "overlooked the bulk of Dr. Birkmire's treatment records which documented significant mental status examination findings, including impaired/poor attention/focus (Tr. 352, 361, 369) sad/depressed affect (Tr. 368), slow speech (Tr. 351, 368), hopeless thought content (Tr. 361), and suicidal ideation (Tr. 361)."  *Id*.  Claimant states that the ALJ focused on her most recent

records when finding that the mental examinations were largely normal.  *Id*., citing R. 634-646. In sum, Claimant asserts that even though her mental status examinations may have been unremarkable at some appointments, this does not mean that she did not still suffer from the limitations and the opinion of Dr. Birkmire, her "long-term treating psychiatrist," should have been accorded "substantial weight" pursuant to *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003).  Doc. 19 at 10.

  As an initial matter, to the extent that Claimant suggests that the ALJ was required to give more weight to Dr. Birkmire's opinion as a treating source, that requirement no longer appears in the current regulations.  *See* 20 C.F.R. § 404.1520c(a) (the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."). Therefore, the undersigned finds that the ALJ was not required to give "substantial weight" to Dr. Birkmire's opinion.

  Further, the undersigned recommends that the ALJ properly considered Dr. Birkmire's opinion and the decision on this issue is legally sufficient and supported by substantial evidence. In evaluating the persuasiveness of Dr. Birkmire's opinion, the ALJ explained that although the opinion is from a treating source, it is inconsistent with, and not supported by, the clinical notes and the mental examinations.  R. 18.  Throughout the discussion of the RFC, the ALJ addressed the examinations and treatment notes including those of Dr. Birkmire.  R. 17-18.  While the ALJ did not refer to Dr. Birkmire by name in each instance, several of the cited exhibits are of the physician's records.

  Specifically, the ALJ stated that in evaluating Claimant's limitations and establishing the RFC, he considered the Claimant's mental health complaints.  The ALJ found that according to

mental health treatment notes, Claimant was symptomatic, but her condition stabilized with mental health counseling and medication management.  R. 17.  In support of this opinion, the ALJ compared Dr. Birkmire's examination notes from March 22, 2017 which reflect that Claimant demonstrated a sad and depressed mood, poor attention, and suicidal ideation, to the April 21, 2017 follow up where Claimant's attention and concentration improved, and she presented an anxious yet euthymic mood.  R. 17, citing 4F at 8, 9.[5]  Also, the ALJ found that Claimant's condition steadily improved and stabilized referring, in part, to the Dr. Birkmire's August 2018 examination stating that Claimant was back on track showing improvement and progress with demonstrated benign findings.  R. 17, citing 11F at 3-13.  Moreover, the ALJ found that Dr. Birkmire's mental status notes in January 2019 showed that Claimant had a depressed and anxious mood and demonstrated obsession due to life stressors, but she presented unremarkable insight and judgment.  R. 17, citing 11F at 2.[6]

As such, the undersigned disagrees with Claimant's statements that the ALJ "overlooked the bulk" of Dr. Birkmire's treatment notes and her challenge based on the citation to "only one medical exhibit."  The ALJ discussed the mental status exams in detail throughout the RFC including Dr. Birkmire's records along with other providers.  The decision sets forth specific citation to the record regarding how Claimant responded to her treatment.  While he may not have

---

[5] The April 21, 2017 form is from Ashlawn Consulting, LLC, which is Dr. Birkmire's practice, but it does not appear that he signed the form.  *See* R. 355-359.

[6] The parties agree that the March 22, 2017, August 2018, and January 2019, records belong to Dr. Birkmire.  Doc. 19 at 4-7.  The undersigned notes that Exhibit 11F at 2 is dated January 21, 2018.  R. 633.  This appears to be a typo as it is preceded by the form that is dated January 21, 2019.  R. 631.  In any event, the parties agree that Exhibit 11 F at 2, which is R. 633, is from the January 21, 2019 follow-up with Dr. Birkmire.  Doc. 19 at 7.

used the words "supportability" and "consistency," the ALJ's discussion of Dr. Birkmire's opinions and findings regarding the record was based on those factors.

The undersigned recommends that the ALJ's consideration of Dr. Birkmire's opinions comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and consistency of the opinion. Accordingly, the undersigned finds that a remand to reconsider Dr. Birkmire's opinions is not warranted.

### IV. Conclusion

For the reasons stated above, it is **RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on April 6, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties